In re Frank GREEN, Jo Ann
Green, Debtors.

FIRST NATIONAL BANK OF
LOUISVILLE, Plaintiff,

v.

Frank GREEN, Jo Ann Green,
Defendants.

Bankruptcy No. 3800345.
Adv. No. 3800157.

United States Bankruptcy Court,
W. D. Kentucky.

Sept. 16, 1981.

David T. Stosberg, Louisville, Ky., for plaintiff.

John W. Fleck, Louisville, Ky., for defendants.

### MEMORANDUM AND ORDER

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

The winter of 1979–80 was a dismal season indeed for Frank Green. Already providing for a resident granddaughter's food, clothing and tuition, the Green family was called upon in November, 1979, to provide also for their son, who had been laid off his construction job at the Marble Hill power plant site. The grocery bill doubled.

In December, Green was laid off *his* construction job near Owensboro. He sought and obtained a subcontracting job with Sears, an engagement of short duration because of a mismatch between Sears' job requirements and Green's job skills.

Throughout this period, Green was looking for his salvation to the profitable disposition of two commercial properties, six tract homes and 40 acres zoned for development. The properties had a combined market value of $534,000. Green hoped to realize a total profit of about $100,000. All were sold at foreclosure in December or January. Green had prided himself on having built 130 homes and survived the real estate market collapse of 1974 without a single foreclosure.

During this time of travail, Green and/or his wife incurred First National Bank Mastercharge debts in excess of his credit limit of $900. At the time the petition was filed, the total indebtedness was $2,210, most of which was incurred in December, 1979 and January, 1980. Green filed his bankruptcy petition with his wife in February. The next month this nondischargeability action was brought, alleging that the credit card transactions were accomplished with the fraudulent intent prohibited by Section 523 of the Bankruptcy Code.

The allegation is unconvincing. The record is absent any convincing proof of the reprehensible motive. It is rather convincing of a man's effort to survive an unholy trinity of circumstances: (1) his son's unemployment and resulting dependency by virtue of a power-plant shutdown; (2) his own unemployment, and (3) a loss of equity in speculative properties anticipating a housing need near a power-plant development which was postponed for two years.

The case generates a feeling not of miscreance, but rather of sympathy for a debtor struggling against economic forces beyond his understanding or control. Based upon the depositions and testimony at trial, we would rather applaud the entrepreneuri-

al spirit of men such as this willing to take chances (at their potential profit and their creditors') rather than to impute to them evil motives in the retrospective view of their failure.

Without any discernable proof of fraudulent motive, always an elusive state of mind to prove, we therefore ORDER that the indebtedness of Frank and Jo Ann Green to First National Bank of Louisville is dischargeable in bankruptcy. This is a final order.